IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO.: 5:09-CV-00122

| | |
|---|---|
| MARISSA BOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | |
| REXEL, INC., and REXEL ) | |
| ELECTRICAL AND DATACOM ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the pro se plaintiff's "Motion for Review of Magistrate Judge's Order." (Doc. 35.) On August 12, 2011, United States Magistrate Judge David S. Cayer issued an Order (Doc. 34) denying the plaintiff's "Motion to Compel and Sanction—Failure to Disclose" (Doc. 29). Appealing from this decision, the plaintiff requests that the defendants' Rule 26(a) disclosures be made to conform to her conception of the federal rules' requirements and that sanctions be imposed in the form of attorney's fees and costs for alleged discovery abuses.

The Order from which the plaintiff appeals addresses a nondispositive, discovery-related issue. A district court shall reverse the order of a magistrate judge in a discovery matter only upon a finding that the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

On June 10, 2011, the parties conducted their Rule 26(f) conference and agreed to make Rule 26(a) initial disclosures by July 5, 2011. (Doc. 26.) While the defendants' Rule 26(a) disclosures were timely, the plaintiff has deemed them inadequate because (1) the addresses and

1

telephone numbers of the individuals likely to have discoverable information were not provided; (2) the descriptions of the documents in the defendants' possession were not sufficiently thorough; and (3) applicable insurance agreements were not received immediately and without further action on the plaintiff's part. (Doc. 35 at 3–4.)

First, the absence of address and telephone information is harmless and not sanction worthy; such information need only be provided if known and if to be used for purposes beyond impeachment.

Second, the defendants' descriptions of documents and their locations are adequate. Either the defendants provide a general location—for instance, in the plaintiff's "personnel file"—or the nature of the documents implies their location—for instance, documents "related to Plaintiff's pay history." In either case, the descriptions serve the purposes of "accelerat[ing] the exchange of basic information about the case and eliminat[ing] paper work involved in requesting such information," and provide an efficient start to discovery. Fed. R. Civ. P. 26 advisory committee's notes.

As regards the final matter, the pertinent statutory obligation is to provide "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). This provision enables parties to assess realistically the potential collection of a judgment and to tailor their litigation and settlement strategies in light of that information. *See* Fed. R. Civ. P. 26 advisory committee's notes.

The defendants have made available for the plaintiff's inspection and copying "any applicable insurance agreement . . . upon Plaintiff's request." (Doc. 29-3.) Rule 26(a) does not

mandate that hard copies of each insurance agreement bearing on a given action be automatically and immediately delivered to the opposing party, as seems to be the plaintiff's expectation. Rather, as the rule states, such agreements are to be made available for inspection and copying. Here, the defendants have communicated their willingness to provide for the inspection and copying of pertinent insurance documents. The plaintiff has not indicated that she has made a request describing with reasonable particularity the insurance documents she wishes to inspect as well as the time, place, and manner in which she wishes to inspect them. *See* Fed. R. Civ. P. 34(b). Accordingly, the Court finds that the defendants have conformed to the rules' requirements, and the Magistrate Judge's Order is therefore not clearly erroneous or contrary to law.

**IT IS, THEREFORE, ORDERED** that the plaintiff's "Motion for Review of Magistrate Judge's Order" (Doc. 35) be **DENIED** and that Magistrate Judge Cayer's Order (Doc. 34) be **AFFIRMED**.

Signed: September 16, 2011

Richard L. Voorhees
United States District Judge